# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# ST LOUIS DIVISION

| | |
|---|---|
| MISTY ROBINSON, individually and on behalf of all others similarly situated,<br><br>v.<br><br>CLAYTON PARKING, LLC, and CLAYTON VALET, LLC. | **Case No.:** 4:18-cv-350<br><br>FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Defendants Clayton Parking, LLC ("Clayton Parking") and Clayton Valet, LLC ("Clayton Valet") (collectively, "Defendants") failed to pay overtime for all overtime hours worked by their employees. When Defendants' employees work at more than one location, Defendants divide the time worked between two paychecks instead of combining the hours for overtime purposes.

2. For example, employees working 40 hours at one location plus 20 hours at another location receive no overtime pay. Instead they receive two checks, with all sixty hours paid at straight time. Defendants' payroll policy shorts the overtime owed to its workforce.

3. Defendants routinely underpaid Robinson and their other employees under this same payroll practice that violates the Fair Labor Standards Act ("FLSA"). Accordingly, Robinson brings this collective action to recover unpaid wages and other damages Defendants owe to their employees.

### JURISDICTION AND VENUE

4. This Court has jurisdiction because Robinson's claims arise under federal law.

5. Venue is proper because Defendants reside in this District and a substantial part of the acts and omissions giving rise to Robinson's claims occurred in this District.

## THE PARTIES

6. Robinson was employed and/or jointly by Defendants within the meaning of the FLSA as an hourly valet parking supervisor. Robinson regularly worked over forty hours per week, but was not paid all overtime hours she worked at one and one-half times her regular rate of pay as required by the FLSA. Her written consent is attached as Exhibit A.

7. The putative class members are other current and former hourly employees of Defendants who worked in more than one of Defendants' locations. The putative class members performed job duties similar to Robinson, including parking and retrieving cars.

8. Defendants employed and/or jointly employed Robinson and the putative class members within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

9. Defendants provide valet parking services.

10. Clayton Valet typically provides valet services for events and restaurants.

11. Clayton Parking typically provides valet services for medical establishments.

12. Defendants employed and/or jointly employed Robinson as a valet supervisor and paid her by the hour.

13. Defendants operate from the same office.

14. Brad Kalish is the owner and President of Clayton Parking and Clayton Valet.

15. Defendants share a common Operations Manager.

16. Defendants share a common human resources department.

17. Defendants share employees, including Robinson and the putative class members.

18. Defendants' Operations Manager set the pay rates and policies applicable to Defendants' employees, including Robinson and the putative class members.

19. Defendants coordinate the work of their employees jointly, shuffling valet workers and supervisors between locations to meet demand.

20. Clayton Parking had gross annual sales in excess of $500,000 during at least the last three years.

21. Clatyon Valet had gross annual sales in excess of $500,000 during at least the last three years.

22. The sum of Defendants' individual gross annual sales exceeded $500,000 during at least the last three years.

23. Defendants each had two or more employees who handled, sold, or worked on goods or materials that were produced for interstate commerce, including computers, vehicles, office equipment, and telephones.

24. Accordingly, Defendants are, either individually, or together, an enterprise engaged in commerce under the FLSA and are subject to its overtime provisions.

25. Defendants tracked the hours Robinson and the putative class members worked.

26. Robinson and the putative class members often work at more than one of Defendants' locations during a workweek. Defendants are required to combine the hours worked at the various locations for the purposes of paying overtime.

27. But Defendants fail to combine the hours worked at multiple locations for the purposes of calculating overtime. Instead, Defendants issue separate paychecks.

28. Defendants separate time worked in medical and event/restaurant locations between two paychecks instead of combining all the hours worked and paying overtime for all hours worked in excess of forty in a workweek.

29. For example, when Robinson worked at medical locations and event/restaurant locations during the two-week pay period ending May 28, 2017, she received a check from Clayton Parking for 80 regular hours paid at $12 per hour, and 5.22 overtime hours paid at $18 per hour. However, for

the same period, she received a separate check from Clayton Valet for 36.84 hours paid at her straight time rate of $12 per hour.

30. Even assuming the maximum number of non-overtime hours in each week, Robinson should have received at least 42.06 hours of overtime.[1]

31. Instead, Defendants only paid Robinson 5.22 hours of overtime. All the remaining overtime hours were paid at her normal hourly rate. By failing to combine her hours for the purposes of calculating overtime, Defendants shorted Robinson at least 36.84 hours of overtime in a single two-week period.

32. Defendants' hourly employees are owed overtime based on all hours worked in excess of forty in a workweek, regardless of where those hours are worked. Defendants' failure to pay overtime based on all hours worked in a workweek violates the FLSA.

33. Defendants knew Robinson and the putative class members worked over forty hours per week.

34. Defendants knew Robinson and the putative class members were entitled to overtime pay for all hours worked in excess of forty in a workweek, regardless of where those hours were worked.

35. Defendants divided Robinson's and the putative class members' hours worked between two checks to willfully avoid paying overtime.

## COLLECTIVE ACTION ALLEGATIONS

36. Defendants also employed other hourly valet workers similarly situated to Robinson. These potential class members are similarly situated to Robinson because they were denied overtime pay under the same payroll policy that applied to Robinson as described above.

37. The putative class members, like Robinson, worked more than forty hours combined over more than one of Defendants' locations in a workweek. However, as they did with Robinson,

---

[1] 5.22 hours + 36.84 hours = 42.06 hours.

Defendants failed to pay the putative class members overtime based on all hours worked in excess of forty in a workweek. The putative class members are entitled to overtime for the same reason as Robinson.

38. Defendants' failure to pay overtime to the putative class members results from a common practice. Notice of this collective action is, therefore, properly sent to:

> **All hourly employees who, in at least one workweek, worked at more than one of Defendants' locations and worked more than 40 hours.**

## CAUSES OF ACTION

39. Robinson and the putative class members incorporate the allegations in the preceding paragraphs.

40. As set forth above, Defendants violated the FLSA by failing to pay Robinson and the putative class members overtime compensation. Accordingly, Robinson and the putative class members are entitled to recover their unpaid overtime.

41. Under the FLSA, Robinson and the putative class members are entitled to an amount equal to their overtime wages as liquidated damages, as well as reasonable attorney's fees and costs.

## PRAYER

42. Wherefore, Robinson and the putative class members request that this Court award them judgment against Defendants for:

    (a) their unpaid overtime pay;

    (b) an equal amount as liquidated damages;

    (c) reasonable attorneys' fees, costs, and expenses of this action;

    (d) post-judgment interest at the highest rate allowed by law; and

    (e) such other and further relief as may be allowed by law.

Respectfully submitted,

By: ***/s/ David I. Mouton***
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      David I. Moulton
      Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**Attorneys for Plaintiff**